# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

February 3, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTT A. DALRYMPLE,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0314** (BOR Appeal No. 2048801)
                                    (Claim No. 2013030790)

**CITY OF CAMERON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scott A. Dalrymple, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Cameron, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2014, in which the Board affirmed a September 9, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 18, 2013, decision which denied Mr. Dalrymple's request for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dalrymple, a maintenance worker, alleges that he developed bilateral carpel tunnel syndrome in the course of his employment. He testified in a June 20, 2013, deposition that his job with the City of Cameron required him to use a spud bar, a shovel, and occasionally a jack hammer. He could take a break whenever he needed one, and his activities varied every day. He also mowed grass, weedeated, patched pot holes, and read water meters. The water meters required him to screw and unscrew bolts. He stated that he filed a previous claim for right carpal tunnel syndrome, for which he underwent surgery. The claim was denied and the denial was not

1

protested. He is now requesting workers' compensation benefits for bilateral carpal tunnel syndrome. He asserted that he developed numbness and tingling in both hands in November of 2011. He also asserted that he did not have carpal tunnel syndrome symptoms before he started working for the City of Cameron in June of 2010. He stated that he has no hobbies outside of work that require repetitive motion.

A treatment note by Kelly Barki, M.D., indicates that Mr. Dalrymple was diagnosed with carpal tunnel syndrome in 2007. An EMG of the right upper extremity performed on March 4, 2011, revealed moderate to severe right carpal tunnel syndrome for which Mr. Dalrymple underwent surgery in June of 2011. The surgery was performed by James Shope, M.D., who indicated in a treatment note that Mr. Dalrymple reported that he had filed for workers' compensation benefits. Dr. Shope questioned why workers' compensation was involved as this was not a workers' compensation claim. At that time, Dr. Shope noted that Mr. Dalrymple was still reporting symptoms in his right hand but also stated that he was working on his derby car. Dr. Shope concluded that the symptoms did not match the reported activity level.

Mr. Dalrymple was again treated by Dr. Barki from October of 2011 to October of 2012. Dr. Barki diagnosed him with bilateral carpal tunnel syndrome, high blood pressure, type II diabetes, and paresthesia of the upper extremities. A bilateral EMG was conducted on September 7, 2012, and revealed moderately severe bilateral carpal tunnel syndrome. There was some evidence on the left side that Mr. Dalrymple could have changes at the elbow with some numbness of the hand. He also had chronic changes in the C5-6 and C6-7 distribution of both arms indicating that he could have cervical spondylosis, spinal stenosis, or foraminal stenosis. The test was performed by Henry L. Kettler, M.D., who suggested that Mr. Dalrymple get a cervical MRI. Dr. Kettler treated Mr. Dalrymple in January of 2013 and diagnosed diabetic polyneuropathy in the legs and worsening carpal tunnel syndrome.

Two of Mr. Dalrymple's coworkers were interviewed on May 3, 2013. Terry Springer stated that Mr. Dalrymple's work crew only used a jackhammer two or three times in the year that Mr. Dalrymple worked for the City of Cameron. He stated that they used the jackhammer for approximately one to two hours and each of the four men on the crew alternated running it. Charlie Shad concurred in his statement and also stated that reading water meters is not a strenuous activity.

Jack Riggs, M.D., reviewed Mr. Dalrymple's records and opined that it is extraordinarily unlikely that he developed symptomatic carpal tunnel syndrome as a result of his employment with the City of Cameron between June of 2010 and November of 2010. He stated that carpal tunnel syndrome does not develop and become symptomatic after only five months. He noted that Mr. Dalrymple was seen on July 24, 2007, prior to his employment with the City of Cameron, for hand numbness, dropping things, and loss of grip strength and was diagnosed with carpal tunnel syndrome. Dr. Riggs stated that Mr. Dalrymple's motivation for filing the claim was questionable because he did not cease his hobbies in which he uses his hands. This is evidenced by the fact that he reported he was working on derby cars approximately six weeks after his right carpal tunnel syndrome release. Dr. Riggs noted that Mr. Dalrymple was diagnosed with diabetic neuropathy in February of 2013. He asserted that patients with diabetes

2

associated carpal tunnel syndrome frequently do not benefit from carpal tunnel syndrome release surgery as well as non-diabetic patients. The fact that the carpal tunnel syndrome continued to deteriorate after Mr. Dalrymple ceased working indicates it is more likely caused by diabetes.

The claims administrator denied Mr. Dalrymple's request for workers' compensation benefits on April 18, 2013. The Office of Judges affirmed the decision in its September 9, 2013, Order. It found that though the medical records support a diagnosis of bilateral carpal tunnel syndrome, Mr. Dalrymple has several non-compensable conditions that can cause carpal tunnel syndrome such as diabetes, obesity, high blood pressure, a possible sleep disorder, and a derby car hobby. The Office of Judges determined from the record that Mr. Dalrymple was first diagnosed with carpal tunnel syndrome by Dr. Barki in 2007, four years prior to his employment with the City of Cameron. The Office of Judges also determined that statements made by Mr. Dalrymple's co-workers do not support his recollection of his work duties. It was therefore found that it is more likely than not that his carpal tunnel syndrome did not develop in the course of and resulting from his employment with the City of Cameron. It was determined to likely be the result of his underlying conditions and hobby. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 27, 2014.

On appeal, Mr. Dalrymple argues that he has been diagnosed with carpal tunnel syndrome by an EMG, and his claim should therefore be held compensable. He also asserts that Dr. Barki stated that the condition was an occupational disease on the employee's and physician's report of injury. He argues that though he was diagnosed with carpal tunnel syndrome in 2007, the diagnosis was not made by an EMG. The City of Cameron argues that Mr. Dalrymple has diabetes, which is a known contributing cause of carpal tunnel syndrome. It further asserts that he has hobbies that require forceful, repetitive hand movements. It argues that carpal tunnel syndrome that develops within weeks to months of exposure suggests a pre-existing condition, and Mr. Dalrymple's symptoms arose only five months after he began working for the City of Cameron.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Dalrymple has several factors noted in West Virginia Code of State Rules § 85-20-41.4 (2006) that cause or contribute to carpal tunnel syndrome including diabetes, obesity, and a hobby that requires repetitive, forceful wrist movements. His work duties do not require the kind of repetitive, forceful wrist movements that are associated with the development of carpal tunnel syndrome as evidenced by statements made by his co-workers and his own description of his duties. West Virginia Code of State Rules § 85-20-41.5 (2006). Also, the evidentiary record indicates that he was first diagnosed with carpal tunnel syndrome in 2007, four years before he began working for the City of Cameron. The carpal tunnel syndrome is likely the result of Mr. Dalrymple's non-compensable, co-existing factors as is evidenced by the fact that his right carpal tunnel syndrome release did not relieve his symptoms. Dr. Riggs opined that diabetic related carpal tunnel syndrome is often not relieved by surgery.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

3

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4